UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVE ALLEN HORNE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO. 8:13-CV-1707-T-27TGW
CRIM. CASE NO. 8:03-CR-338-T-27TGW

## ORDER

BEFORE THE COURT are Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), the Government's Motion to Dismiss (CV Dkt. 4), and Petitioner's response in opposition (CV Dkt. 5). Upon consideration, the Government's Motion to Dismiss is **GRANTED**, and Petitioner's Section 2255 motion is **DISMISSED** as time-barred.

## PROCEDURAL BACKGROUND

On October 3, 2003, Petitioner pleaded guilty pursuant to a written plea agreement to Count One of the Indictment which charged Petitioner with conspiracy to possess with intent to distribute and to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (CR Dkts. 17, 19).[1] On March 5, 2004, Petitioner was sentenced as a career offender[2] to two hundred sixty-two (262) months imprisonment to be followed by five years of supervised release (CR Dkts. 43, 45).

---

[1] The Court granted the Government's motion to dismiss Counts Two, Three, Four, and Five (CR Dkt. 45).

[2] See U.S. Sentencing Guidelines Manual § 4B1.1.

Petitioner did not file a direct appeal. Petitioner signed his Section 2255 motion on June 26, 2013 (CV Dkt. 1 at docket p. 13). The Section 2255 motion presents two grounds for relief:

> Ground One: Counsel was ineffective in allowing the Court to sentence Petitioner as a career offender;
>
> Ground Two: The Court erred in sentencing Petitioner as a career offender.[3]

Respondent challenges the Section 2255 motion's timeliness and moves to dismiss it as time-barred (CV Dkt. 4).

## DISCUSSION

I. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

---

[3] It appears Petitioner argues that he did not have the requisite number of qualifying offenses as his prior convictions were consolidated for sentencing purposes (see CV Dkt. 1 at docket pp. 16-17).

The Judgment in Petitioner's criminal case was entered on March 11, 2004 (CR Dkt. 45). Because Petitioner did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) ten business days later on March 25, 2004, when the time for filing an appeal expired. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999). Petitioner therefore had one year from that date to file his Section 2255 motion, i.e., March 25, 2005. He did not file the Section 2255 motion until June 26, 2013, more than eight years after the limitation period expired.[4] Consequently, Petitioner's Section 2255 motion is untimely under Section 2255(f)(1).

Apparently recognizing the untimeliness of his Section 2255 motion under 2255(f)(1), Petitioner argues entitlement to a delayed start of the one-year limitation based upon newly discovered "state case law" under 28 U.S.C. § 2255(f)(4) (see CV Dkt. 1 at docket p. 21; CV Dkt. 5 at p. 8). Section 2255(f)(4) specifically addresses "the date on which the *facts* supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4) (emphasis added). Petitioner does not allege that he was unaware of the facts underlying both of his claims for relief before the expiration of the one-year limitation to file a motion to vacate. His discovery of state case law supporting his claims is not discovery of a "fact" for the purposes of a delayed limitation period under Section 2255(f)(4). *See Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) (unpublished) (finding "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period."). Moreover, even if the case law could be considered a "fact" under Section 2255(f)(4), Petitioner has neither alleged the date on which the case law was discovered, nor the date on which the case

---

[4]For timeliness purposes, the court considers Petitioner's Section 2255 motion filed on the day that he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a pro se prisoner's Section 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing which, absent contrary evidence, is presumed to be the date the prisoner signed the motion).

law could have been discovered through the exercise of due diligence.[5] Consequently, Petitioner cannot avail himself of the benefit of a delayed start to the one-year limitation provided by Section 2255(f)(4).

Petitioner's arguments can liberally be construed as also seeking a delayed start of the one-year limitation based upon a "government impediment" under 28 U.S.C. § 2255(f)(2), namely, that the federal institution in which Petitioner is incarcerated does not allow inmates access to materials pertaining to state law. Petitioner specifically asserts that pursuant to "the Bureau of Prisons Policy Statement § 1315.07, it is against policy to provide inmates with State law. . . ." (Dkt. 5 at p. 7).

Bureau of Prison's Program Statement 1315.07, Legal Activities, Inmate, section 7 subsection C paragraph 3, states:

> State officials are responsible for providing state legal assistance and/or state legal materials to state inmates transferred to federal custody. Staff may not interfere in an inmate's attempts to obtain such assistance or materials. If state correctional officials elect to provide state legal materials for their inmates, the institution will suggest the manner in which such materials should be provided. The Regional Counsel must be notified if questions arise.

(Dkt. 4 at p. 5).[6] Therefore, despite Petitioner's assertion to the contrary, nothing in Statement 1315.07 prohibits federal prisoners from accessing state legal materials. Although the Federal Bureau of Prisons is not responsible for providing state legal materials to inmates, the inmates may obtain those legal materials from state officials.

Petitioner does not allege that he ever attempted to access state legal materials by requesting those materials from state officials. Nor does he allege that the Bureau of Prisons interfered with his efforts to

---

[5]Petitioner alleges "it was only by chance" that he discovered "viable Florida Supreme Court law in relation to his prior State conviction" from "another inmate." (Dkt. 5 at pp. 7-8). Petitioner does not, however, allege the date on which he discovered the case law. Rather, he alleges that "[s]ince discovering and coming into the information the Petitioner has diligently labored to put these laws and facts together and present this Petition/Motion to this Honorable Court." (Id. at p. 8).

[6]See http://www.bop.gov/policy/progstat/1315_007.pdf.

4

obtain state legal materials. Therefore, Petitioner has failed to show that the government (either federal or state) impeded his ability to timely file his Section 2255 motion. Consequently, Petitioner cannot avail himself of the benefit of a delayed start to the one-year limitation provided by Section 2255(f)(2).

Finally, Petitioner's reply can be liberally construed as implicitly requesting a delayed start of the one-year limitation under 28 U.S.C. § 2255(f)(3) based upon rights newly recognized by the Supreme Court in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Descamps v. United States*, 133 S. Ct. 2276 (2013) (see CV Dkt. 5 at pp. 8-12). Nevertheless, Petitioner cannot avail himself of a delayed start under Section 2255(f)(3) because neither *Alleyne* nor *Descamps* applies retroactively to cases on collateral review. *See Chester v. Warden*, 2014 U.S. App. LEXIS 611, 2014 WL 104150, *4 (11th Cir. Jan. 13, 2014) ("*Alleyne*'s rule does not apply retroactively on collateral review.") (citations omitted); *United States v. Chapman*, 2014 U.S. Dist. LEXIS 65907, at *10 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that *Descamps* does not apply retroactively to cases on collateral review.") (citations omitted); *Harr v. United States*, 2014 U.S. Dist. LEXIS 58692, at *8 (C.D. Ill. Apr. 28, 2014) ("*Descamps* did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw."). Because Petitioner cannot avail himself of a delayed start to the one-year limitation under § 2255(f)(2), (3), or (4), his Section 2255 motion is untimely, precluding federal review absent a demonstration of equitable tolling.

Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*

5

v. *DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner does not satisfy his burden of showing both that he diligently pursued his rights and some extraordinary circumstance prevented him from timely filing his Section 2255 motion. Petitioner's vague and unsupported allegation that he could not access Florida state legal materials while in federal custody does not constitute sufficiently extraordinary circumstances to warrant equitable tolling. *See Drew*, 297 F.3d at 1293 n.7 (Petitioner's allegations that he sent letters to the Clerk's office and pursued his case diligently was "not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support, especially when the evidence that has been presented undermines the petitioner's claim."); *Booker v. Folino*, 2005 U.S. Dist. LEXIS 33750, at *11-12 (E.D. Pa. Dec. 15, 2005) ("A petitioner must offer specific evidence to show that denial of access to the courts should constitute a basis for equitable tolling of the AEDPA time limitation.") (citation omitted). Moreover, Petitioner's failure to present any evidence of an attempt to acquire Florida state legal materials while in federal custody weighs against finding that Plaintiff proceeded with due diligence. Therefore, Petitioner is not entitled to equitable tolling.

For the reasons indicated above, the alternative commencement dates provided by § 2255(f)(2), (3), and (4) or by application of equitable tolling do not apply in Petitioner's case. Consequently, the timeliness of Petitioner's Section 2255 motion is calculated from March 25, 2004, the date that his conviction became final. See 28 U.S.C. § 2255(f)(1). Petitioner's Section 2255 motion, filed on June 26, 2013, is untimely, precluding federal review.

II. Actual Innocence

Petitioner contends that he is actually innocent of his career offender sentence (CV Dkt. 1 at docket pp. 21-23). Generally, actual innocence may serve to overcome the procedural bar caused by the untimely filing of a Section 2255 motion. *United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005). Actual innocence applies when a petitioner is factually innocent of the crime for which he is incarcerated. *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner neither alleges nor presents evidence establishing that he is factually innocent of either the charge to which he pleaded guilty in his criminal case, or the prior state convictions that formed the basis of his career offender sentence enhancement.[7] Rather, he contends that he is legally innocent of being a career offender because this Court incorrectly treated his prior state convictions as separate convictions when they were consolidated during state sentencing proceedings (CV Dkt. 1 at docket pp. 21-23). Petitioner's claim of legal innocence of the sentencing enhancement does not satisfy the actual innocence exception to the time-bar. *See Goodloe v. United States*, 448 Fed. Appx. 980, 2011 U.S. App. LEXIS 24739, 2011 WL 6156843 at *1 (11th Cir. Dec. 13, 2011) ("[T]he actual innocence exception requires factual innocence, not mere legal innocence, and enhanced sentencing is a matter of legal, not factual, innocence."); *Hill v. United States*, 2014 U.S. App. LEXIS 6216, at *6 (11th Cir. Apr. 4, 2014) ("Hill cannot satisfy the actual-innocence exception to the procedural bar because he argued only that he was legally innocent of a violent felony (battery on a law enforcement officer is not a violent felony under the ACCA), not that he was factually innocent of the crime of battery on a law enforcement officer."). Accordingly, Petitioner cannot satisfy the actual innocence exception to lift the procedural bar caused by his failure to timely file his Section 2255

---

[7] In his Section 2255 motion, Petitioner does not seek to have his conviction overturned. Rather, he seeks "to be Re-Sentenced with his proper Guideline Range without the Career Offender Enhancement." (CV Dkt. 1 at docket p. 23).

7

motion.

Accordingly, it is **ORDERED** that:

1. The Government's motion to dismiss (CV Dkt. 4) is **GRANTED**. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** is directed to enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484. And, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on May 19th, 2014.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record